1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENALDO D. DOMINGUEZ, | ) | No. C 12-6288 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN P.D. BRAZELTON, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons that follow, the Court orders Respondent to show cause why the petition should not be granted.

**BACKGROUND**

The instant petition was filed on December 11, 2012. Petitioner challenges his criminal sentence imposed by the Napa County Superior Court on September 4, 2007. In 2009, the California Court of Appeal affirmed the judgment and the California Supreme Court denied the petition for review.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

Order To Show Cause
G:\PRO-SE\SJ.LHK\HC.12\Dominguez288osc.wpd

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.     Petitioner's Claims

Petitioner claims that: (1) the trial court violated his right to a jury trial by removing Juror #9 during deliberations; (2) Juror Jane Doe committed misconduct when she lied during voir dire that she did not know Petitioner, and in fact, disliked him because of his sexual orientation; and (3) counsel rendered ineffective assistance for failing to challenge Juror Jane Doe when Petitioner informed him of the juror's bias.  Liberally construed, these claims are cognizable for federal habeas review.  The Court orders Respondent to show cause why the petition should not be granted as to the above issues.

**CONCLUSION**

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1) upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within

1  **thirty days** of the date the answer is filed.

2       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
3  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
4  2254 Cases within **sixty days** of the date this order is filed.  If Respondent files such a motion,
5  Petitioner shall file with the court and serve on Respondent an opposition or statement of non-
6  opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file
7  with the court and serve on Petitioner a reply within **fourteen days** of the date any opposition is
8  filed.

9       4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
10  all communications with the Court must be served on Respondent by mailing a true copy of the
11  document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
12  any change of address by filing a separate paper captioned "Notice of Change of Address."  He
13  must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
14  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
15  41(b).

16     IT IS SO ORDERED.

17  DATED: 4/3/13

                                            LUCY H. KOH
18                                             United States District Judge