IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO D. DOMINGUEZ,            ) | No. C 12-6288 LHK (PR) |
|                                  ) | |
|     Petitioner,            ) | ORDER GRANTING MOTION TO |
|                                  ) | DISMISS PETITION; DENYING |
|  v.                           ) | CERTIFICATE OF APPEALABILITY |
|                                  ) | |
| WARDEN P.D. BRAZELTON,           ) | |
|                                  ) | (Docket No. 7) |
|     Respondent.            ) | |
| _____  ) | |

Petitioner, a state prisoner proceeding *pro se*, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 conviction and sentence in the Superior Court of Napa County. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition, and respondent has filed a reply. Having considered all the papers submitted, the court GRANTS respondent's motion to dismiss.

**I.    BACKGROUND**

In 2007, petitioner was convicted of 19 counts of lewd conduct with a minor, and sentenced to a term of 185 years to life in state prison. (Pet. at 2.) On January 27, 2009, the California Court of Appeal affirmed the judgment. (Mot., Ex. 1.) On April 1, 2009, the California Supreme Court

denied a petition for review.[1]  (Mot., Ex. 2.)  On December 11, 2012, petitioner filed the underlying federal petition.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Under the AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, that date was 90 days after the California Supreme Court denied review.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review).  Thus, petitioner's conviction became final on June 30, 2009, and he had until June 30, 2010, to file his federal habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner's federal petition, filed on December 11, 2012, therefore, is untimely.  Thus, the petition is untimely unless petitioner can establish statutory or equitable tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, there is no basis for

---

[1] Respondent inadvertently states that April 3, 2009, is the date the California Supreme Court denied review.  However, April 3, 2009, is the date that the order was docketed.  (Mot. Ex. 2.)  April 1, 2009, is the date the order was actually filed.  (*Id.*)

statutory tolling because petitioner did not file any state habeas petitions.

Petitioner argues that he is entitled to equitable tolling. The Supreme Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Here, petitioner argues that he is entitled to equitable tolling because he was not aware that his conviction had become final until July 31, 2012, when he finally received a letter from his appellate counsel informing him that his direct appeal had been affirmed.[2] (Opp. at 1-2.) Petitioner also states that he was unaware that a petition for review had been filed on his behalf in the California Supreme Court. (Opp. at 2.) In support of his assertions, petitioner attaches a copy of his prison mail log from Pleasant Valley State Prison, showing incoming mail he had received from 2009 through late 2012. (Opp. Ex. B.) Petitioner also includes a letter from his appellate attorney, dated July 26, 2012, informing him that she had sent his case records to him at the end of her representation of him. (*Id.*, Ex. C.) Petitioner also attaches a copy of an unsigned, typed letter that he wrote to his appellate counsel, dated August 11, 2012, stating that he had written to her "many times" asking for an update of his case, and never received a response. (*Id.*, Ex. D.)

In reply, respondent attaches a copy of the incoming mail log from the California Substance Abuse Treatment Facility, where petitioner was housed until March 2009. (Reply, Ex. 2.) That document provides evidence contradicting petitioner's assertion that he never received anything from appellate counsel after October 23, 2008. In fact, that document shows that petitioner received

---

[2] In petitioner's opposition, he claims that the date upon which he first learned that his conviction was final was on January 11, 2012. (Opp. at 1.) However, it appears that the date was a typographical error, and petitioner meant January 31, 2012. (Opp. at 3-4.)

mail for petitioner from appellate counsel on February 9, February 10, and February 11, 2009. (*Id.*) Petitioner's direct appeal was affirmed on January 27, 2009. Appellate counsel's letter indicating that her normal custom and practice was to inform clients of the developments of their cases, and send copies of briefs and court opinions to clients; the mail log showing incoming mail from appellate counsel to petitioner a few days after the California Court of Appeal affirmed petitioner's conviction; and appellate counsel's July 26, 2012, letter to petitioner affirming that she sent petitioner's case records to him at the end of her representation are strong evidence that petitioner did, in fact, receive timely notice of the conclusion of his direct appeal. (Reply, Exs. 1, 2.)

Nonetheless, even assuming that petitioner was not told by appellate counsel about the resolution of petitioner's case on direct appeal, the burden is still on petitioner to show that the "extraordinary circumstances" he identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). It is very difficult to meet this standard. Garden variety claims of attorney negligence do not justify equitable tolling. *Holland*, 130 S. Ct. at 2564; *Spitsyn*, 345 F.3d at 800.

Here, the only failure on the part of his appellate counsel alleged by petitioner is that she did not timely inform petitioner that his conviction had been affirmed on direct appeal. As noted above, this delay in notice will only support equitable tolling if petitioner was diligent in his efforts to, in fact, obtain notice of a decision on his state appeal and if the delay in receiving such notice caused the untimeliness of, and made it impossible for him to timely file, the instant federal habeas petition.

The only evidence petitioner submits on his behalf to support the notion that he was reasonably diligent are his own conclusory statements that he wrote letters to his appellate counsel "many times" from 2008 through late 2012 inquiring about the status of his case, but never received a response. Petitioner does not submit a copy of his outgoing mail log to support his claim, nor does he submit any copies of any letters to appellate counsel of which he speaks. Moreover, nothing appears to have prevented petitioner from making inquiries to the California Court of Appeal regarding the disposition of his case. Even if there was a sufficient factual basis for petitioner's claim that his appellate counsel negligently failed to inform petitioner of the disposition of his direct appeal, attorney negligence is not a sufficient basis for applying equitable tolling to the section

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.12\Dominguez288mtdtim.wpd         4

2244(d)(1) limitations period. *See Holland*, 130 S. Ct. at 2564 (mere negligence by counsel, without more, does not constitute an extraordinary circumstance warranting equitable tolling); *see also Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010) (state-appointed appellate counsel's failure to perfect direct appeal and incorrect advice regarding pursuit of state habeas relief did not justify equitable tolling because counsel's alleged negligence "had little to no bearing on [petitioner's] ability to file a timely federal habeas petition"). Courts have rejected equitable tolling in similar situations. *See, e.g.*, *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (no extraordinary circumstance where petitioner "impl[ied] that counsel was derelict in failing to timely notify him of the state court's disposition"); *Banks v. Walker*, No. 07-cv-02022-AK, 2010 WL 5200920, at *1 (E.D. Cal. Dec. 15, 2010) (finding that counsel's failure to notify petitioner about the denial of his direct appeal was simple attorney negligence not warranting equitable tolling), *certificate of appealability denied by Banks v. Walker*, No. 11-15089 (9th Cir. May 24, 2012); *Mollison v. Martel*, No. 08-cv-00994, 2009 WL 2940912, at *3 (E.D. Cal. Sept. 10, 2009) (no extraordinary circumstance where petitioner alleged "that counsel failed to communicate information (crucial as it may have proven to be) under circumstances that suggest attorney negligence"), *certificate of appealability denied by Mollison v. Martel*, No. 10-15556 (9th Cir. Aug. 12, 2011); *Rodriguez v. Marshall*, No. 05-cv-0230, 2009 WL 1424260, at *3 (E.D. Cal. May 20, 2009) (no extraordinary circumstance where petitioner argued "that he was prevented from timely filing the federal petition because his appellate counsel failed to notify him when the petition for review was denied by the California Supreme Court [despite having promised to do so]").

This case does not appear to involve the kind of egregious attorney misconduct that might justify equitable tolling. *Cf. Holland*, 130 S. Ct. at 2557-59 (counsel failed to file client's petition in capital case despite having been clearly instructed to do so); *Spitsyn*, 345 F.3d at 801 (counsel failed to prepare and file petition despite having been hired a year in advance to do so, and failed to return case files client demanded). Nor is there any evidence that the state stood in the way of petitioner filing on time. *Cf. Ramirez v. Yates*, 571 F.3d 993, 996-98 (9th Cir. 2009) (state superior court failed to give notice of its decision); *Stillman*, 319 F.3d at 1202-03 (prison officials broke promise to counsel to have client sign petition and return it before filing deadline).

Given petitioner's lack of specificity, failure to allege egregious circumstances, and his

failure to come forward with evidence in support of his contention, the court cannot conclude that petitioner has carried his burden of establishing that "extraordinary circumstances" existed which might justify equitable tolling of the AEDPA statute of limitations for over two years in this case. *See Pace*, 544 U.S. at 418.

Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).

## III.   CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

## IV.   CERTIFICATE OF APPEALABILITY

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED:  1/8/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge